IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UHURU'SEKOU KAMARA AJANI
OBATAIYE-ALLAH,

              Plaintiff,

    v.

CRAIG PRINS, et al.,

             Defendants.

Case No. 2:19-cv-01579-JR

ORDER

HERNÁNDEZ, Chief Judge.

Plaintiff, an adult in custody who was previously housed at the Two Rivers Correctional Institution ("TRCI") in Hermiston, Oregon, and who is currently housed at the Red Onion State Prison in Pound, Virginia, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Currently before the court are plaintiff's two Motions for Preliminary Injunction[2] (ECF Nos. 21 and 48).  For the reasons that follow, the court DENIES plaintiff's Motions.

---

[1] Plaintiff was housed at TRCI under an Interstate Corrections Compact placement.  On July 30, 2020, plaintiff was returned to the custody of the State of Virginia Department of Corrections. (Decl. of Jacky Withem, ¶¶ 2, 3, ECF No. 45).

[2] Plaintiff's motions are each titled "Motion for Preliminary Injunction and Temporary Restraining Order."  Because defendants had notice and the opportunity to respond to the motions, the Court treats them as requests for preliminary injunction.  *See* Fed. R. Civ. P. 65(b).

Plaintiff's first Motion seeks an order requiring defendants to remove plaintiff from the "suicide cell" where he has been housed for 18 months, enjoining defendants from continuing to house plaintiff at TRCI, and requiring defendants to contact the State of Virginia Department of Corrections and request that plaintiff be returned to that state.  Plaintiff alleges that he continues to be retaliated against and subjected to irreparable harm and injury at TRCI due to his alleged assault on a correctional officer.  Plaintiff's second Motion seeks an order requiring defendants as well as the Virginia Department of Corrections to return plaintiff's personal property to him.  Plaintiff's underlying Complaint alleges claims of excessive force and denial of medical care arising from an incident that occurred during his incarceration at TRCI.

## LEGAL STANDARDS

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). In the Ninth Circuit, a plaintiff also may obtain injunctive relief if there are serious questions going to the merits, the balance of hardships tips sharply in his favor, and the remaining two *Winter* factors are satisfied.  *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167  (9th Cir. 2018).  If a plaintiff fails to demonstrate a likelihood of success on the merits or serious questions going to the merits, the court need not address the remaining factors.  *Garcia*, 786 F.3d at 740. Where, as here, the plaintiff seeks a mandatory injunction which goes beyond maintaining the status quo, he must demonstrate that the facts and law clearly favor an injunction.  *Id*.; *see also Am.*

2 - ORDER

*Freedom Defense Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

A plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*; *see Saddiq v. Ryan*, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint), *cert. denied* 138 S. Ct. 1335 (2018).

"When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning," the inmate's claim for injunctive relief is moot because the inmate is no longer subjected to the allegedly unconstitutional policies. *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)).

## DISCUSSION

Plaintiff is not entitled to the preliminary injunctive relief sought in his first Motion because his request was rendered moot by his transfer back to the custody of the State of Virginia Department of Corrections. Plaintiff's claims are based on allegedly unconstitutional conditions of his confinement at TRCI. The transfer thus renders moot plaintiff's first request for injunctive relief unless there is a reasonable expectation that he will be returned to the custody of the State of Oregon

3 - ORDER

Department of Corrections under an Interstate Corrections Compact transfer. *See Pride*, 719 F.3d at 1130. Plaintiff was relocated to Virginia upon the conclusion of staff assault and aggravated harassment cases, and plaintiff has not established any reasonable expectation of returning to the State of Oregon.

Plaintiff also is not entitled to the preliminary injunctive relief sought in his second Motion because he has not established a likelihood of success on the merits. As noted, plaintiff's Complaint alleges claims of excessive force and denial of medical care arising from an incident that occurred during his incarceration at TRCI. The Complaint does not allege claims related to the disposition of plaintiff's personal property. Nor does plaintiff's second Motion request relief of the same nature that ultimately may be granted in his lawsuit; plaintiff's Complaint seeks money damages for the alleged excessive force and denial of medical care. Because plaintiff's second request for preliminary injunctive relief does not relate to the allegations of plaintiff's Complaint, this court lacks authority to grant the preliminary injunctive relief requested. *Pac. Radiation*, 810 F.3d at 636.

## **CONCLUSION**

Based on the foregoing, the court DENIES  plaintiff's two Motions for Preliminary Injunction (ECF Nos. 21 and 48).

IT IS SO ORDERED.

DATED this _16_ day of March, 2021.

Marco A. Hernández
Chief United States District Judge

4 - ORDER